1

2

3

4

5

6

7

8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    JASON DURAN,                                            No. 2:14-cv-1080-CMK-P

12            Plaintiff,

13        vs.                                                  ORDER

14    CALIFORNIA DEPARTMENT OF
      CORRECTIONS AND REHABILITATION,
15    et al.,

16            Defendants.
      _____/

17

18            Plaintiff, a proceeding pro se, brings this civil rights action pursuant to  42 U.S.C.

19    § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

20            The court is required to screen complaints brought by prisoners seeking relief

21    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

22    § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25    the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

26    of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means

that claims must be stated simply, concisely, and directly.  See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges a violation of his Eighth Amendment rights.  His allegations, as set forth in his compliant, consist of the following paragraph:

> Each defendant either promulgated or supported a policy of denying me psychological treatment for my sex offence (which was against a minor) at the time of my incarceration (2002-2012) the CDCR specifically and explicitly did not provide sex offender treatment.  Further, because I was incarcerated and indigent, I could not seek treatment on my own.  After my release this lack of treatment contributed to my re-offense (I'm facing 20 years in federal prison for child porn).  The Constitutional violation is an 9th amendment cruel and unusual punishment.  The CDCR's policy of not providing treatment amounts to deliberate indifference.

(Compl., Doc. 1, at 3).

## II.  DISCUSSION

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  See <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989);  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

1       In order to avoid dismissal for failure to state a claim a complaint must contain

2  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

3  of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other

4  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

5  statements do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678 (2009).  Furthermore, a claim upon

6  which the court can grant relief has facial plausibility. See Twombly, 550 U.S. at 570.  "A claim

7  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

8  reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at

9  678. When considering whether a complaint states a claim upon which relief can be granted, the

10  court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and

11  construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

12  U.S. 232, 236 (1974).

13       The court finds the allegations in plaintiff's complaint so vague and conclusory

14  that it fails to state a claim upon which relief can be granted.  Although the Federal Rules of Civil

15  Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the

16  elements of the claim plainly and succinctly.  See Jones v. Community Redev. Agency, 733 F.2d

17  646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt

18  acts which defendants engaged in that support plaintiff's claim. See id.  Plaintiff's complaint

19  must be dismissed. The court will, however, grant leave to file an amended complaint.

20       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

21  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

22  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

23  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

24  there is some affirmative link or connection between a defendant's actions and the claimed

25  deprivation.  See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th

26  Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and

3

1  conclusory allegations of official participation in civil rights violations are not sufficient. See

2  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3          It appears plaintiff is unhappy with the lack of medical treatment he received.  He

4  does not however, set forth any specific facts as to what treatment was necessary and how any of

5  the defendants specifically denied him necessary treatment.

6          Plaintiff is informed that the treatment a prisoner receives in prison and the

7  conditions under which the prisoner is confined are subject to scrutiny under the Eighth

8  Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509

9  U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment

10  "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."

11  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh

12  and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison

13  officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and

14  personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official

15  violates the Eighth Amendment only when two requirements are met: (1) objectively, the

16  official's act or omission must be so serious such that it results in the denial of the minimal

17  civilized measure of life's necessities; and (2) subjectively, the prison official must have acted

18  unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.

19  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable

20  mind."  See id.

21          Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

22  injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at

23  105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental

24  health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is

25  sufficiently serious if the failure to treat a prisoner's condition could result in further significant

26  injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d

4

1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns.  See McGuckin, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

amend, all claims alleged in the original complaint which are not alleged in the amended

complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

complete in itself without reference to any prior pleading.  See id.

    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

each named defendant is involved, and must set forth some affirmative link or connection

between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

    Finally, plaintiff is warned that failure to file an amended complaint within the

time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

    Accordingly, IT IS HEREBY ORDERED that:

    1.  Plaintiff's complaint is dismissed with leave to amend; and

    2.  Plaintiff shall file an amended complaint within 30 days of the date of

service of this order.

DATED:  June 23, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

6