1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JASON DURAN,                          No. 2:14-cv-1080-CMK-P

12            Plaintiff,

13       vs.                               <u>ORDER</u>

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND REHABILITATION,
15   et al.,

16            Defendants.
     _____/
17

18            Plaintiff, a proceeding pro se, brings this civil rights action pursuant to  42 U.S.C.

19   § 1983.  Pending before the court is plaintiff's amended complaint (Doc. 11).  Plaintiff's original

20   complaint was dismissed, with leave to amend, for failure to state a claim due to vague

21   allegations.

22            As plaintiff was previously informed, the court is required to screen complaints

23   brought by prisoners seeking relief against a governmental entity or officer or employee of a

24   governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).   The court must dismiss a complaint or portion

25   thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be

26   granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28

                                              1

U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's amended complaint expounds some upon the allegations set forth in his original complaint.  The basic claim remains the same, that his Eighth Amendment rights were violated by the California Department of Corrections and Rehabilitation for failure to provide sex offender treatment while he was incarcerated.  In his amended complaint, he alleges he sought treatment from staff at Avenal State Prison, including Dr. Smith, but was denied as no such programs existed.  He has named as defendants the California Department of Corrections, the Warden of Avenal State Prison, the Director of the Department of Corrections, and Dr. Smith.

## II. DISCUSSION

Again, plaintiff was informed that the treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison

officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical

treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here, plaintiff alleges the defendants failed to provide him sex offender treatment. He claims he sought sex offender treatment, but was told no such treatment was offered despite offering psychological treatment to every other psychological disorder. However, he fails to allege he suffered from a psychological disorder necessitating treatment. It appears he was convicted of some type of sex crime, but a conviction does not equate to a psychological disorder. Without a diagnosis of a psychological disorder, there can be no showing that the defendants were deliberately indifferent to plaintiff's medical needs. Only failure to treat an illness that is sufficiently serious can give rise to a claim under the Eighth Amendment. Plaintiff fails to allege he suffered from any serious mental illness requiring treatment.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff will be provided one more opportunity to file an amend complaint prior to the dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims and defendants alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court

cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff's amended complaint is dismissed with leave to amend; and

2.     Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

DATED: May 12, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

5